UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hua Su (A-Number: 099-448-430),<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, Secretary, United States Department of Homeland Security; Pamela Bondi, Attorney General of the United States; Todd Lyons, Director, United States Immigration and Customs Enforcement; Warden, Golden State Annex Detention Facility; Ernesto Santacruz, Field Office Director, Los Angeles Field Office Director, United States Immigration and Customs Enforcement; Christopher Chestnut, Warden of California City Detention Center,<br><br>Respondents. | No.  1:26-cv-01683-KES-EPG (HC)<br><br>ORDER GRANTING PRELIMINARY INJUNCTION<br><br>Doc. 1 |

Petitioner Hua Su is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 3.  For the reasons explained below, the motion for temporary restraining order is converted to a motion for a preliminary injunction and is granted.

**I.     Background**

Petitioner is a citizen of China who was admitted to the United States on a B2 visitor visa in November 2005.  Doc. 1 at ¶ 25.  Petitioner overstayed that visa.  Doc. 15-2, Ex. 1.  An

immigration judge ordered him removed to China on August 16, 2013, but also granted him withholding of removal.  Doc. 15-2, Ex. 2.  The government therefore may not remove petitioner to China.  *See* 8 U.S.C. § 1231(b)(3)(A).

Neither party appealed the immigration judge's order, so it became final thirty days later, on September 15, 2013.  *See* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b).  Although 8 U.S.C. § 1231(a)(2)(A) mandates the detention of noncitizens for a period of three months after their removal orders become final, Immigration and Customs Enforcement ("ICE") did not detain petitioner on September 15, 2013.  S*ee* Doc. 17-1, Juarez Decl. at ¶ 5.  They also did not provide him with an Order of Supervision or require him to regularly report to immigration authorities.  *See id.*; Doc. 1 at ¶ 26.

Petitioner has now lived in the United States for over twenty years.  Doc. 1 at ¶ 26.  He is married to a U.S. citizen, works, and pays taxes.  *Id.* ¶¶ 26–27.  He has no criminal record.  *Id.* ¶ 28.

On October 22, 2025, ICE agents arrested petitioner at his home.  *Id.*  Petitioner has been detained at the California City Detention Center since then.  *See* Doc. 1.  On February 23, 2026, petitioner filed a petition for writ of habeas corpus and motion for temporary restraining order, arguing that his detention is no longer authorized under 8 U.S.C. § 1231(a)(6) because there is no significant likelihood of his removal in the reasonably foreseeable future.  Docs. 1, 2.  Respondents filed an opposition, and they assert that they are "in the process of finding a third country to which he can be removed."  Doc. 15 at 4.  Respondents filed a supplemental declaration on March 11, 2026.  Doc. 17.

## II.    Conversion to a Motion for Preliminary Injunction

The standards for issuing a temporary restraining order and a preliminary injunction are substantially the same, *see Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), respondents had notice and opportunity to respond in opposition, *see* Docs.15, 17, and neither party objected to converting the motion to a motion for preliminary injunction or requested a hearing, *see* Doc. 3; Doc. 15 at 3 n.3.  Petitioner's motion is therefore converted to a motion for preliminary injunction.

### III.    Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)).  "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)).  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

### IV.    Discussion

#### a.    Likelihood of Success on the Merits

Relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001), petitioner argues that his detention is no longer authorized by 8 U.S.C. § 1231(a)(6). *See* Doc 1.  In *Zadvydas*, the Supreme Court recognized that 8 U.S.C. § 1231 would pose a "serious constitutional problem" if it were construed to "permit[] an indefinite . . . deprivation of human liberty[.]" *Zadvydas*, 533 U.S. at 690–92.  The Court therefore read an implicit constitutional limitation into 8 U.S.C. § 1231:  If, six months after being ordered removed, an immigration detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.  Once it has been determined that "there is no significant likelihood of removal in the

///

///

3

reasonably foreseeable future[,]" then the government must release the noncitizen.[1] *Id.*

Over twelve years have passed since petitioner was ordered removed and granted withholding of removal to China, and over six months have passed since petitioner was detained. *See* Doc. 15-2, Ex. 2; Doc. 1 at ¶ 28. Although the government could have removed him to a third country in 2013 despite the grant of withholding of removal, petitioner points out that they never did so. "An undue delay in removal for an individual alien beyond the typical [90-day] removal period would naturally suggest that removal is unlikely." *Chun Yat Ma v. Asher*, No. C11-1797 MJP, 2012 WL 1432229, at *5 (W.D. Wash. Apr. 25, 2012); *see also Clark v. Martinez*, 543 U.S. 371, 386 (2005) (explaining that the mere passage of time may suffice as good reason when "[t]he Government ha[s] brought forward nothing to indicate that a substantial likelihood of removal subsists"). Petitioner points out that this long period of inaction and respondents' failure to explain why the government has not removed him for the past twelve years demonstrate that no third country is willing to accept him. Many courts have noted that "third country removal is exceedingly rare." *See, e.g.*, *Danish v. Noem*, No. 2:26-CV-01069-DAD-SCR, 2026 WL 851169, at *1 (E.D. Cal. Mar. 27, 2026). Petitioner has shown that there is "good reason to believe" that there is no significant likelihood of removal in the reasonably foreseeable future. *See id.* (granting habeas relief and ordering petitioner released from custody after seven month delay in removing petitioner to a third country after he had been ordered removed).

Respondents fail to rebut petitioner's showing. The declaration of deportation officer Juarez, which was filed on March 3, 2026, states only that "ICE is seeking to have Petitioner removed to a third country." Doc. 17-1, Juarez Decl. at ¶ 8. Respondents do not identify any third country that might accept him, and "do not even venture to make generalizations regarding

---

[1] A specific regulation, 8 C.F.R. § 241.13(i), was promulgated in response to the Court's decision in *Zadvydas* to authorize the re-detention of those who have been ordered removed, detained, then "released under an order of supervision." *See* 8 C.F.R. § 241.13(i); *Diouf v. Napolitano*, 634 F.3d 1081, 1089 n.10 (9th Cir. 2011). That regulation does not appear to apply in this case, however, because petitioner was not previously detained and released, and the government did not issue him an order of supervision after his removal order became final in 2013. Doc. 17-1, Juarez Decl. at ¶ 5.

4

the likelihood that removal will occur[.]" *Danish*, 2026 WL 851169, at *2 (internal citations and quotations omitted).  Nor have respondents provided any further update since filing that declaration.

On this record, the Court finds that petitioner is likely to succeed on his claim that there is no significant likelihood of removal in the reasonably foreseeable future, and that his continued detention is therefore no longer authorized by 8 U.S.C. § 1231.

### b.  **Irreparable Harm**

Given that petitioner is likely to succeed on his *Zadvydas* claim, petitioner has likewise shown he faces irreparable harm absent a preliminary injunction.  "Obviously, the [unlawful deprivation] of liberty is a . . . severe form of irreparable injury." *Ferrara v. United States*, 370 F. Supp. 2d 351, 360 (D. Mass. 2005).  To avoid a "serious constitutional problem," *Zadvydas* construed § 1231 to permit release when there is no longer a significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 690–92.  It is therefore clear that petitioner's unlawful detention implicates his due process rights.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)).

### c.  **Balance of Equities and Public Interest**

When the government is the nonmoving party, "the last two *Winter* factors merge." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal citations omitted).  Although the government has a strong interest in enforcing immigration laws, petitioner's detention is no longer authorized by those laws, as explained above.

The public interest also weighs in petitioner's favor.  "The public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*,

No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (citing *Jorge M.F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3) (N.D. Cal. Mar. 1, 2021)); *see also Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) ("It is always in the public interest to prevent the violation of a party's constitutional rights.") (quotation marks and citation omitted).

## V.   Conclusion and Order

Accordingly,

1. Petitioner's motion for a preliminary injunction, Doc. 3, is GRANTED.

2. Respondents are ORDERED to release petitioner immediately.

3. Respondents are ORDERED to file a status report within seven (7) days of the date of this Order confirming that petitioner was released.

4. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this one.  *See, e.g. Zakzouk v. Becerra*, No. 25-CV-06254-KAW, 2025 WL 2899220, at *8 (N.D. Cal. Oct. 10, 2025).

5. The Clerk is directed to serve a copy of this Order on the California City Detention Center.

6. This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:   May 4, 2026

_____
UNITED STATES DISTRICT JUDGE

6